IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                                  21-CR-6038-CJS

                                                          23-CR-6085-CJS

CHRISTOPHER TINDAL,

            Defendant.

## STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the Revised Pre-Sentence Investigation Report ("PSR") submitted by the United States Probation Department on or about July 21, 2023 (Dkt. #59, 21-CR-6038 and Dkt. #26, 23-CR-6085). The sentencing guideline calculations contained in the presentence report are identical to those contained in the plea agreement for 23-CR-6085. Accordingly, the government has no objection to and adopts the findings outlined therein.

It is the understanding of the government and the defendant that, with a total offense level of 22 and criminal history category of VI, and taking into account the statutory maximum penalties for the instant offense of conviction and Count 1 of the Information in Case No. 21-CR-6038, the defendant's sentencing range would be **a term of imprisonment of 84 to 105 months, a fine of $15,000 to $150,000, and a term of supervised release of 1 to 3 years**.

For the reasons set forth in the government's Sentencing Memorandum and on the ground that the defendant has not complied with the terms and conditions of the plea

- 1 -

agreement in Case No. 21-CR-6038, the government declines to move the Court to depart downward from the Guidelines as provided for in Guideline § 5K1.1. The government requests that the defendant be sentenced within the agreed upon guideline range. The government submits that such a sentence is appropriate after considering the factors outlined in 18 U.S.C. § 3553(a).

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $200 due at the time of sentencing.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

>Asset Forfeiture/Financial Litigation Unit
>U.S. Attorney's Office--WDNY
>138 Delaware Avenue
>Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligations.

DATED: Rochester, New York, July 31, 2023

                                               Respectfully submitted,

                                               TRINI E. ROSS
                                               United States Attorney

BY:   _____
                                               CASSIE M. KOCHER
                                               Assistant U.S. Attorney
                                               United States Attorney's Office
                                               Western District of New York
                                               100 State Street
                                               Rochester, New York 14614
                                               (585) 399-3934
                                               Cassie.Kocher@usdoj.gov

TO:   Avik K. Ganguly, Esq., Attorney for the Defendant
        Jessica Rider, U.S. Probation Officer