IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                                                                    21-CR-6038-CJS
                                                                                          23-CR-6085-CJS

CHRISTOPHER TINDAL,

                Defendant.

## GOVERNMENT'S SENTENCING MEMORANDUM

**PLEASE TAKE NOTICE** that the government has fully reviewed the Revised Presentence Investigation Report ("PSR") submitted by the United States Probation Department on or about July 21, 2023 (Dkt. #59, 21-CR-6038 and Dkt. #26, 23-CR-6085). The sentencing guideline calculations contained in the presentence report are identical to those contained in the plea agreement for 23-CR-6085. Accordingly, the government has no objection to and adopts the findings outlined therein.

Although the plea agreement in Case No. 21-CR-6038 contemplated a downward departure pursuant to Guideline § 5K1.1, for the reasons set forth below, the government submits that the defendant has failed to comply with the terms and conditions of the plea agreement. Therefore, the government declines to move the Court to depart downward from the Guidelines as provided for in Guideline § 5K1.1. The government requests that the defendant be sentenced on Case No. 21-CR-6038 and Case No. 23-CR-6085 within the agreed upon guideline range of **84 to 105 months, a fine of $15,000 to $150,000, and a term of supervised release of 1 to 3 years**. The government submits that such a sentence is appropriate after considering the factors outlined in 18 U.S.C. § 3553(a).

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On April 27, 2021, the defendant pled guilty in Case No. 21-CR-6038 to a one-count information charging Riot in violation of Title 18, United States Code, Section 2101(a). During the course of a riot that occurred on May 30, 2020, the defendant and others used an aerosol can and an open flame to set fire to a marked Rochester Police Department patrol vehicle. After his plea, the defendant was released from custody and sentencing was adjourned multiple times to allow the defendant to comply with Section VIII-a of the plea agreement. Section VIII-a required, among other things, that the defendant "cooperate with the government by providing complete and truthful information" and also that "the defendant shall commit no further crimes." Dkt. 29 of 21-CR-6038, ¶¶27-a and 27-g. The plea agreement also provides that

> upon condition that *the defendant has fully complied with all terms and conditions of this agreement*, should the government determine that the defendant has provided substantial assistance…the government will move the Court at sentencing to depart downward from the Guidelines as provided for in Guidelines § 5K1.1. *The defendant understands that the decision to make such a motion is within the sole discretion of the government* and that the decision to grant such a motion, and the extent to any downward departure, are matters solely within the discretion of the Court.

Id. at ¶ 27-e, *emphasis added*. The standard that the government must meet to prove any violation is by a preponderance of the evidence. Id. at ¶ 27-i. The defendant's conditions of release also required that he be equipped with a Global Positioning Satellite (GPS) ankle bracelet and that the defendant shall appear at all proceedings as required.

The defendant failed to comply with his release conditions. On March 28, 2022, without permission of the Court, the defendant removed his GPS ankle bracelet. The

defendant also failed to appear for sentencing before Judge Siragusa on April 19, 2022 and an arrest warrant was issued for failure to appear.

On or about May 30, 2022, the defendant was arrested after police responded to a domestic incident in the Town of Perinton. The defendant was charged with Endangering the Welfare of a Child, Obstructing Governmental Administration in the Second Degree, Aggravated Criminal Contempt, Assault in the Third Degree, and Unlawful Imprisonment in the Second Degree. As of the time of this writing, it appears those matters are still pending in Perinton Town Court. Dkt. #59, 21-CR-6038 and Dkt. #26, 23-CR-6085 at ¶¶ 79-80. He was also arrested for the federal arrest warrant issued by Hon. Marian W. Payson. On April 19, 2023, the defendant pled guilty to failure to appear in violation of Title 18, United States Code, Section 3146(a)(1).

Sentencing is currently scheduled on both matters for August 24, 2023.

## II.    SENTENCING FACTORS PURUSANT TO 18 U.S.C. § 3553(a)

After calculating the appropriate Sentencing Guideline, the Court must also consider Title 18, United States Code, Section 3553(a) which requires that the Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." In determining the sentence, the Court must consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and

3

  to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for–

  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

    (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    . . .

(5) any pertinent policy statement–

  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In executing these statutory responsibilities, the Court must first correctly calculate the applicable Guidelines range. <u>Gall v. United States</u>, 552 U.S. 38, 49 (2007). This range is "the

starting point and the initial benchmark." Id. Although this Court must treat the Guidelines as advisory, United States v. Ratoballi, 452 F.3d 127, 131-32 (2d Cir. 2006), an error in determining the applicable Guidelines range or the availability of departure authority nonetheless would be the type of procedural error that could render a sentence unreasonable on appellate review. United States v. Selioutsky, 409 F.3d 114, 118 (2d Cir. 2005). Further, while this Court "does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply," Rita v. United States, 551 U.S. 338, 351 (2007), the Second Circuit has observed that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be [upheld as] reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). See also United States v. Eberhard, 525 F.3d 175, 179 (2d Cir. 2008).

Next, after giving the parties an opportunity to argue for whatever sentence they deem appropriate (consistent with any limitations imposed by the plea agreement), this Court must then "consider all the § 3553(a) factors to determine whether they support the sentence requested by a party." Gall, 552 U.S. at 49-50. In determining whether the § 3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." Id. at 50. In that regard, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. If a non-Guidelines sentence is warranted, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 552 U.S. at 50.

After settling on the appropriate sentence, the Court "must adequately explain the

chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id. (citing Rita, 551 U.S. at 351). Although this Court need not engage in "robotic incantations" with respect to its consideration of the § 3553(a) factors, Fernandez, 443 F.3d at 30, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." Rita, 551 U.S. at 356.

In the case at hand, the defendant stands convicted of riot, a very serious offense. The defendant's actions helped escalate what was meant to be a peaceful protest into a violent riot, where vehicles were set on fire and businesses were looted. The defendant also stands convicted of failing to comply with court orders and appear for sentencing. A sentence within the guideline range will not only promote respect for the law, but it will also demonstrate the serious nature of the offense.

The defendant's history also supports a sentence within the agreed upon guideline range. The defendant is just 29 years old but already has a criminal history category of VI. His criminal history dates back to when he was just 17 years old and adjudicated a youthful offender for a Burglary in the Third Degree offense. Since then, he has repeatedly been charged with domestic violence offenses and failing to comply with orders of protection. The defendant's history of domestic incidents should be reflected in the sentence imposed by the Court.

## CONCLUSION

For the stated reasons, the defendant has not complied with the terms and conditions of the plea agreement and the government declines to move the Court to depart downward

6

from the Guidelines as provided for in Guideline § 5K1.1. The government requests that the defendant be sentenced on Case No. 21-CR-6038 and Case No. 23-CR-6085 within the agreed upon guideline range of 84 to 105 months, a fine of $15,000 to $150,000, and a term of supervised release of 1 to 3 years.

DATED:   July 31, 2023
         Rochester, New York.

                              TRINI E. ROSS
                              United States Attorney

BY:   *Cassie Kocher*
                              CASSIE M. KOCHER
                              Assistant United States Attorney
                              United States Attorney's Office
                              Western District of New York
                              100 State Street, Suite 500
                              Rochester, New York 14614
                              585-399-3934
                              Cassie.Kocher@usdoj.gov